UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLARENCE THOMAS TALBERT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-03303-JMS-MPB |
| OASIS, | ) |
| Defendant. | ) |

**Entry Dismissing Action**

The plaintiff's motion to amend the complaint, dkt. [17], is **granted**. The amended complaint is now subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs that the Court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The

complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

As presented, the complaint is **dismissed for failure to state a claim upon which relief can be granted**. Here, the plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Oasis. He alleges that he receives a Medicaid Waiver each month in the amount of $3,400 that is paid to Oasis. In return, Oasis provides the plaintiff with a one bedroom apartment, housekeeping services, nursing assistance, which includes providing medication as necessary, maintenance services, laundry services, transportation services, three meals per day, and physical therapy. The plaintiff alleges that his medication chart is being held by Oasis nursing staff and that he was given improper medication by Oasis nursing staff.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995).

The plaintiff alleges that the defendant acted under color of state law, but it seems apparent from the face of the complaint that they did not. A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). The defendant here is a private company and a nursing home. There is no allegation that would allow

the Court to conclude that the actions asserted in the complaint were performed pursuant to some state authority. Even if the Court could conclude that the defendant acted under color of state law, the plaintiff has still failed to state a claim. The reason for this is that a private corporation, if it is acting under color of state law, is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of its employees, but only if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009). No allegation of that nature is present in the amended complaint. There is no allegation that would allow the Court to conclude that the actions asserted in the complaint were performed pursuant to some state authority. The mere acceptance of Medicaid or participation in some way with this federal program does not turn a private company into a state actor.

The Court further notes that the plaintiff is not a prisoner and perhaps lives in a nursing home or assisted living center. The Eighth Amendment, which prohibits cruel and unusual punishment for crimes, does not apply to his claims.

Mr. Talbert has therefore failed to state a claim for a violation of his rights under § 1983. This action is now **dismissed for failure to state a claim upon which relief can be granted**. Judgment consistent with this Entry shall now issue.

**The clerk is instructed** to update the docket to reflect that Oasis is the only defendant named in the amended complaint.

**IT IS SO ORDERED.**

Date: 1/30/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CLARENCE THOMAS TALBERT
5651 E. 30th Street, Ste. 205
Indianapolis, IN 46218